Clarence Spiller and Laura Spiller, Appellees, v. Charles B. Ensign et al. Charles B. Ensign, Appellant.

Gen. No. 6,321.    (Not to be reported in full.)

Interlocutory appeal from the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court. Affirmed. Opinion filed April 19, 1917.

## Statement of the Case.

Bill by Clarence Spiller and Laura Spiller, plaintiffs, against Charles B. Ensign, First National Bank of Gardner and W. G. Howell, defendants, praying for the surrender and cancellation of a note of plaintiffs then in possession of said bank, where it had been sent for collection, and for an injunction restraining the bank from parting with possession of the note to the assignee thereof, defendant Ensign, during the pendency of the suit. From an order denying motion of defendant to dissolve the temporary injunction granted, defendant appeals.

FELSENTHAL & WILSON, for appellant; DAVID LEVINSON, of counsel.

FRANK H. HAYES, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. INJUNCTION, § 384*—*when merits of case not passed on.* The merits of the case are not passed on in considering the propriety of granting or dissolving a preliminary injunction.

2. INJUNCTION, § 11*—*what is important consideration in deter-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Spiller et al. v. Ensign, 205 Ill. App. 154.

*mining propriety of granting or dissolving preliminary injunction.* In considering the propriety of granting or dissolving a preliminary injunction, an important inquiry is the relative inconvenience to be caused the parties if on final adjudication it appeared that the court should not have entered the order.

3. INJUNCTION, § 177*—*when allegations of fact insufficient.* Allegations of fact relied on in support of a bill for injunction should rest on clear averments and not on inference.

4. INJUNCTION, § 384*—*when assignments of error as granting injunction disregarded.* Where, on an application for an interlocutory injunction to restrain an assignee of a note charged with notice of its fraudulent character from obtaining possession of such note while held by a bank for collection, a temporary injunction issued without notice and the prayer and order for appeal were only from the order denying the motion to dissolve, *held* that assignments of error directed to alleged error in granting the injunction would be disregarded.

5. INJUNCTION, § 50*—*when order refusing to dissolve temporary injunction against obtaining possession of note by assignee not disturbed.* On an application to restrain the defendant, as assignee of a note charged with notice of its fraudulent character, from obtaining possession of such note, where it was contended that the note having been purchased before maturity and past due when the bill was filed, a court of equity would not interfere because the defendant could not cut off defenses by an assignment of the note, *held* that the order refusing to dissolve the injunction should not be disturbed.

6. INJUNCTION, § 11*—*when order refusing to dissolve temporary injunction not disturbed.* Where, on an application for a temporary injunction to restrain the collection of a note by an assignee charged with notice of its fraudulent character, it appeared that the defendant would not be deprived of any right while the note was impounded, while on the other hand the complainant might be put to loss if the defendant were permitted to get possession of the note, *held* that the order refusing to dissolve the injunction should not be disturbed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.